JUDGE SULLIVAN

10 CIV 2062

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| P3 INTERNATIONAL CORP. and Daniel LIU,<br><br>          Plaintiffs,<br><br>    v.<br><br>ONE WORLD TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and TECHTRONIC INDUSTRIES COMPANY, LTD.,<br><br>          Defendants. | Case No.<br><br><br><br>COMPLAINT |

Plaintiffs P3 International Corp. and Daniel Liu assert the following as their complaint against defendants.

1. Plaintiff P3 International Corp. is a corporation organized and existing under the laws of the State of New York and has its principal place of business at 132 Nassau Street, New York, New York ("P3").

2. Plaintiff Daniel Liu is an citizen of Taiwan and has an office at No. 8F, 88 Baojhong Road, Sindian City, Taipai County 231, Taiwan.

3. Upon information and belief, defendant One World Technologies, Inc. is a corporation organized and existing under the laws of the State of Delaware and has its principal office at 1428 Pearman Dairy Road, Anderson, South Carolina ("OWT").

4. Upon information and belief, defendant Techtronic Industries North America, Inc. is a corporation organized and existing under the laws of the State of Delaware, has its principal office 1428 Pearman Dairy Road, Anderson, South Carolina ("TTiNA"), and is the parent of OWT.

5. Upon information and belief, defendant Techtronic Industries Company, Ltd. is a corporation organized and existing under the laws of Hong Kong, has its principal office at 24/F CDW Building, 388 Castle Peak Road, Tsuen Wan, New Territories, Hong Kong ("TTi"), and is the parent of TTiNA.

6. This is an action for infringement arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq*. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

7. Plaintiff Daniel Liu is the owner of all right title and interest in United States Patent No. 6,095,850, duly issued to him August 1, 2000, a copy which is annexed to this complaint ("the '850 patent").

8. The '850 patent is valid, subsisting, and in full force and effect. It was recently re-examined by the United States Patent and Trademark Office in proceeding no. 90/010,392, whereupon certain of its claims were amended, others confirmed, and all such claims found to be patentable and allowed as set out in the March 1, 2010 Notice of Intent to Issue Reexamination Certificate, a copy which is annexed to this Complaint following the patent.

9. Plaintiff P3 is the exclusive licensee of the '850 patent and source of the KILL A WATT® electric power meter, manufactured pursuant to the '850 patent, in the United States, where it has enjoyed substantial sales and popularity. The KILL A WATT is a portable device that plugs into a standard electrical outlet and measures the energy consumption of an appliance that, in turn, is plugged into it. The KILL A WATT is sold in retail stores nationwide, including the stores and outlets of The Home Depot, Inc., a Delaware corporation having an office at 2455 Paces Ferry Road, Atlanta, Georgia.

10. Defendants have recently imported into the United States, and have sold and offered for sale in the United States, in this judicial district, and in direct competition with the KILL A WATT, portable electric power meters marketed as the RYOBI® Power Usage Meter, including one known as model no. E49CM01.

11. Upon information and belief, defendants' RYOBI power meters are licensed under United States Trademark Registration No. 1,995,042 by Ryobi Ltd., a corporation of Japan with an office at 762 Mesaki-cho Fuchu-shi, Hiroshima-ken, Japan, and by its subsidiary, Ryobi North America, Inc., a corporation of Delaware with an office at 302 North La Salle Street, Chicago, Illinois 60601, and is exclusively advertised and sold by The Home Depot, Inc., in concert and privity with defendants.

12. Defendants, by their importation, advertising, sale and offer for sale of their RYOBI power meters in the United States, have infringed one or more claims of the '850 patent in violation of 35 U.S.C. § 271(a) and (b).

13. Defendants' infringement has been deliberate and willful, with full knowledge of the '850 patent and in wrongful disregard of plaintiffs' rights thereunder.

14. Upon information and belief, defendants' infringement is ongoing and will continue unless enjoined by this Court.

15. Plaintiff P3 has been irreparably harmed by defendants' infringing acts, which harm cannot be remedied by monetary damages alone.

WHEREFORE, plaintiffs pray that this Court enter judgment:

A. preliminarily and permanently enjoining defendants, their officers, directors, agents, employees, affiliates, and all those acting in concert or privity with any of them, from infringing the '850 patent, including but not limited to, the promotion, sale, and offer for sale of the RYOBI power meter by The Home Depot, Inc.;

B. awarding plaintiffs damages sufficient to compensate them for defendants' infringement, in no event less than a reasonable royalty for defendants' infringing sales, with interest and costs;

C. awarding plaintiffs three times the amount of damages assessed and their attorneys' fees in prosecuting this action pursuant to 35 U.S.C. §§ 284 and 285; and

D. awarding plaintiffs such other and further relief as this Court deems just and proper.

P3 INTERNATIONAL CORP. and
Daniel Liu

By: _____
James A. Power Jr
jp@powerdel.com

Marguerite Del Valle
mdv@powerdel.com

POWER DEL VALLE LLP
233 West 72 Street
New York, New York 10023
212-877-0100